UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____ CIV
STATE CASE NO.: CACE 20-011616

VICTORIA ANGEL,

    Plaintiff,

vs.

TARGET CORPORATION
d/b/a TARGET a foreign Corporation, and
JANE DOE, as store manager,

    Defendants.
_____/

## DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

Defendant, TARGET CORPORATION (hereinafter "Target"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 1441 and § 1446, hereby gives notice of the removal to this Court of the case styled, *Victoria Angel v. Target Corporation d/b/a Target and Jane Doe*, filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 20-011616 (04). As grounds for this removal, TARGET states the following:

1. Target Corporation is a Defendant in a civil action brought against it in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *Victoria Angel v. Target Corporation d/b/a Target and Jane Doe*, Case No. 20-011616 (04). See Plaintiff's Complaint attached as Defendant's Exhibit "A."

2. In her Complaint, the Plaintiff Victoria Angel alleges that on or about February 26, 2019, she was in a TARGET store when she allegedly slipped on a liquid substance in the vicinity of the registers. *Id.* Plaintiff has brought a cause of action for negligence against TARGET. *Id.*

3. The aforementioned action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332(a), and is one which may be removed to this Court by the Defendant Target herein, pursuant to 28 U.S.C. §§1441 and 1446(b)(3). 28 U.S.C. Section 1332 permits removal of this action because: (a) it is an action between citizens of different states; and (b) it is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### Diversity of Citizenship Exists Between the Parties

4. Diversity exists between the parties as:

   a. The Plaintiff is a citizen of Florida. The Defendant Target served Requests for Admissions upon the Plaintiff in the aforementioned state court action, wherein Plaintiff was asked to admit whether she was a citizen of the State of Florida. *See* Defendant's Request for Admissions attached as part of Defendant's Composite Exhibit "B" – PDF pg. 52. In the Plaintiff's response to Requests for Admissions, she admitted this Request, and further admitted that she is not a citizen of the State of Minnesota. *See* Plaintiff's Responses to Request for Admissions included within Defendant's Composite Exhibit "B" – PDF pg. 88. In her Complaint, Plaintiff alleges that she resides in Broward County, Florida. Based upon the combined allegations of the Complaint and Plaintiff's Responses to Request for Admissions, this Court can ascertain Plaintiff is a citizen of the State of Florida.

   b. Defendant Target is a citizen of the State of Minnesota:

      i. Target Corporation is a foreign, for-profit corporation incorporated in the State of Minnesota with its headquarters located in Minneapolis, Minnesota. Target has filed the necessary documents with the Florida Secretary of State

        to establish that it is a corporation organized under the laws of Minnesota. A certified copy of Target's Certificate of Status issued by the Florida Department of State in effect on the date of the alleged incident in the Complaint attesting that it is a corporation organized under the laws of Minnesota is attached hereto as Exhibit "C."

AND

   ii.   Target Corporation's principal place of business/headquarters is located in Minneapolis, Minnesota. Target's current 2020 Foreign Profit Corporation Annual Report found online at the Secretary of State's website confirming its principal place of business and address are in Minnesota is attached as Exhibit "D."

*See* 28 U.S.C. 1332(c)(1).

c.   With respect to the second Defendant JANE DOE, the Plaintiff makes no allegation as to the citizenship of this defendant in her Complaint[1]. The Plaintiff has not served JANE DOE, and this unknown individual has not been sufficiently described by the Plaintiff, nor can TARGET reasonably ascertain the identity of JANE DOE based on the allegations as set forth in the Plaintiff's Complaint.

Importantly, pursuant to the removal statute 28 U.S.C. §1441(a), the citizenship of the Defendant, JANE DOE, should not be considered in any event

---

[1] Plaintiff alleges in her Complaint only that the unidentified JANE DOE is an individual residing in Florida. For a natural adult, citizenship means domicile; as such, an allegation of mere residency is insufficient to satisfy diversity requirements that the parties be citizens of different states. Domicile requires residence in a state and an intent to remain there. Sullivan v. Nat'l. Gen. Ins. Online, Inc. 2018 WL 3650115 (M.D. Fla. 2018)(citing Mollinos Valle Del Cibao, C. por A. v Lama, 633 F.3d 1330, 1341-42 (11th Cir. 2011).

for the purpose of the removal of this action. Specifically, 28 U.S.C. §1441 "Removal of civil actions" states that:

"**(a) Generally.** -- Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

**(b) Removal based on diversity of citizenship.** – **(1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, **the citizenship of defendants sued under fictitious names shall be disregarded.**" (emphasis added)

Given the absence of any specific identifying information that could be utilized by TARGET to meaningfully identify JANE DOE, this defendant should be considered "fictitious" for the purpose of determining diversity jurisdiction and the Court should disregard his or her citizenship for diversity purposes. *See also Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228 (10th Cir. 2006); *Alexander v. Electronic Data Systems, Corp.*, 13 F.3d 940 (6th Cir. 1994)("It is clear that 'Jane Doe' is a fictitious name; no such real person was ever named, and plaintiff never identified the alleged person.... Section 1441(a) compels that this 'named' defendant be disregarded for purposes of diversity jurisdiction.").

### *The Amount in Controversy Exceeds $75,000.00*

5. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney's fees.

6. In her Complaint, the Plaintiff alleges damages in excess of $30,000.00, but with no dollar value affixed to any of the items of damages being claimed.  *See* Exhibit "A."

7. When it is not apparent from the face of the Complaint that the jurisdictional amount is met, the Court can consider "other paper" received by the defendant to determine if the

case is removable. 28 U.S.C.A. § 1446(b)(3); *see Stramel v. GE Capital Small Bus. Fin. Corp.*, 955 F. Supp. 65, 68 (E.D.Tex.1997).

8. Plaintiff's answers to interrogatories and her medical bills constitute "other papers." *See Bermudez v. Wal-Mart Stores Texas, LLC*, 2010 WL 2486868 at subsection C. 2.

9. "Where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy *more likely than not* exceeds the [applicable] jurisdictional requirement." (emphasis added), *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010), *citing Tapscott v. MS Dealer Serv. Corp.,* 77 F. 3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.,* 204 F. 3d 1069, 1072 (11th Cir. 2000). "The jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard and defendants may introduce their own 'affidavits, declaration, or other documentation' to meet their burden." *Parker v Scottsdale Ins.* Co. 2019 WL 409039 (S.D. Fla. 2019) (citing *DO Restaurants, Inc. v. Aspen Specialty Ins. Co.*, 984 F.Supp.2d 1342, 1345 (S.D. Fla. 2013). Courts have held that responses to requests for admissions, settlement offers, and other correspondence between parties can be 'other paper' under 28 U.S.C. § 1446(b). *Wilson v. Target Corp*., 2010 WL 3632794 (S.D. Fla. 2010), *citing Lowery v. Ala. Power Co.*, 483 F. 3d 1184, 121 n. 62 (11th Cir. 2007) (discussion of the judicial development of the term "other paper"); *Addo v. Globe Life & Accident Ins. Co.*, 230 F. 2d 779, 780 (11th Cir. 1989) (response to request for admissions).

10. Because a plaintiff will frequently attempt to frustrate removal, courts applying *Lowery* will often look to the efforts the removing party has undertaken to ascertain the

jurisdictional amount. *Management Health Systems, Inc. v. Access Therapies, Inc.*, 2010 WL 5572832 (S.D. Fla. 2010).

11. On or about August 19, 2020, Target propounded a Request for Admissions upon the Plaintiff, seeking to confirm whether the Plaintiff's damages exceeded the sum of $75,000.00, exclusive of interest and costs, and/or whether she would claim damages below or greater than this amount. On December 4, 2020, Plaintiff responded to Defendant's Requests for Admissions, in which she objected to either admitting or denying whether her damages exceeded $75,000.00, or if she would be alleging that they did, claiming that the requests called for a 'legal conclusion'. *See* Exhibit B – PDF p. 88.

12. On or about August 19, 2020, Target also served Request for Production upon the Plaintiff. On December 4, 2020, Plaintiff served her response to the Request for Production, and on December 8, 2020, produced the responsive documents to undersigned counsel including medical bills for treatment claimed to be related to her alleged injuries in this cause totaling $75,476.13.[1]

13. Furthermore, the Plaintiff indicated in her Answers to Interrogatories that her past medical bills amounted to $75,764.13. *See* Plaintiff's redacted Answers to Interrogatories attached as Defendant's Exhibit "E".

14. Medical expenses already incurred by the Plaintiff, which in this case standing alone exceed the jurisdictional threshold, combined with other damages such as pain and suffering that are being sought by the Plaintiff, if proven, support a finding that the

---

[1] Due to HIPAA considerations, the undersigned cannot produce a copy of the Plaintiff's medical records with its Notice of Removal. However should the Court need to review the actual records to determine whether diversity subject matter jurisdiction exists, the undersigned will provide such documentation to the Court.

jurisdictional amount in controversy has been established. *Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, 3. (S.D. Fla. June 1, 2009).

15. Additionally, prior to the filing of this lawsuit, Target received a demand letter from Plaintiff's counsel dated January 27, 2020, setting forth a settlement demand of $1,000,000.00, which is well in excess of the $75,000.00 amount in controversy requirement. The one million demand made by Plaintiff's counsel was accompanied by a portion of the Plaintiff's medical records up for treatment she had completed up to that date, but at a time that her incurred medical expenses were considerably less than the present amount. *See* Exhibit "F".

16. "The Court gives preference to Plaintiff's own assessment of the value of her case." Black v. State Farm Mut. Auto. Ins. Co., No.: 10-80996-CIV, 2010 WL 4340281, *2 (S.D. Fla. Oct 22, 2010). Although pre-suit settlement offers standing alone may not be determinative of the amount in controversy in any given case, when it is not apparent from the face of the Complaint that the jurisdictional amount is met, the Court can consider "other papers" received by the defendant to determine if the case is removable. *See* Wilson v. Target Corporation, No. 10-80451-CIV, 2010 WL 3632794 (S.D. Fla. Sept. 14, 2010); Jade East Towers Developers v. Nationwide Mutual Ins. Co., 936 F.Supp. 890 (N.D. Fla. 1996).

17. Based upon Plaintiff VICTORIA ANGEL's known medical bills to date which amount to $75,476.13, and the monetary compensation related to pain and suffering that could be awarded to the Plaintiff by a jury, the undersigned attests to the fact that, if awarded, the value of the Plaintiffs' claimed injuries would exceed the jurisdictional requirements of this Court. *See* Affidavit of Carlton Bober, Esq., attached to this Notice of Removal as Exhibit "G;" *see also Black v. State Farm Mutual Automobile Ins. Co.*, 2010 WL 4340281 at *1 (S.D. Fla. Oct. 22,2010) *citing Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 755

(11th Cir. 2010) ("A defendant may introduce its own affidavits, declarations, or other documentation to meet its burden" of establishing jurisdiction).

18. Accordingly, the matter in controversy in this case exceeds the threshold jurisdictional sum or value of $75,000.00. *See* 28 U.S.C. § 1446(b).

### **Removal is Timely pursuant to 28 U.S.C. § 1446(b)**

19. 28 U.S.C. § 1446(b)(3) states in pertinent part that: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

20. The Plaintiff's Complaint and pre-suit communications were silent as to her citizenship, causing the Defendant to issue its Requests for Admissions.

21. On December 4, 2020, Plaintiff provided the undersigned with her Answers to Target's Request for Admissions, wherein she admitted being a citizen of the State of Florida.

22. Furthermore, on December 4, 2020, Plaintiff also provided Target with her Answers to Interrogatories identifying medical bills totaling $75,764.13 related to the alleged incident, and subsequently her responsive documents to Target's Response to Request to Production on December 8, 2020, when Plaintiff provided to Defendant her medicals bills totaling $75,476.13.

23. Accordingly, this Notice of Removal has been timely filed and without waiver by Target, pursuant to 28 U.S.C. § 1446(b).

## **Procedural Matters**

24. Venue in this Court is proper pursuant to 28 U.S.C. § 1441 (a) and Local Rule 3.1 because this action is being removed from state court in which it was originally filed, the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

25. TARGET will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d). A copy of this notice will be filed with the Clerk of the Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida, as required by 28 U.S.C. § 1446(d).

26. Copies of all pleadings and filings made in the Circuit Court Case No.: CACE 20-011616(04) are attached hereto and made a part hereof as Composite Exhibit "B."

*(This space has been left intentionally blank.)*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on December 31, 2020 to:

> Glen B. Levine, Esquire and
> Devon Workman, Esquire
> Law Offices of Anidjar & Levine, P.A.

300 SE 17th Street
Ft Lauderdale, FL  33316
*Attorneys for the Plaintiff Victoria Angel*

**VERNIS & BOWLING OF BROWARD, P.A.**
5821 Hollywood Blvd
Hollywood, FL  33021
Ph: (954) 927-5330
Fax: (954) 927-5320
*Attorneys for Defendant Target Corporation*

By: */s/ Carlton Bober*
    Carlton A. Bober, Esquire
    Florida Bar No.: 827710
    CBober@Florida-law.com

    Alejandro Gutierrez, Esquire
    Florida Bar No.: 105964
    AGutierrez@Florida-law.com