

**Service of Process Transmittal**
07/22/2020
CT Log Number 537978257

| | |
|---|---|
| **TO:** | Sue Carlson<br>Target Corporation<br>1000 Nicollet Mall<br>Minneapolis, MN 55403-2542 |
| **RE:** | **Process Served in Florida** |
| **FOR:** | Target Corporation (Domestic State: MN) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | VICTORIA ANGEL, Pltf. vs. TARGET CORPORATION, etc. And JANE DOE, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CACE20011616 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/22/2020 at 15:53 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/22/2020, Expected Purge Date: 07/27/2020<br><br>Image SOP<br><br>Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / KD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



## PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| **Date:** | Wed, Jul 22, 2020 |
| **Server Name:** | Henri Werner |
| **Location:** | Ft. Lauderdale, FL |

| | |
|---|---|
| Entity Served | TARGET CORPORATION |
| Agent Name | CT CORPORATION SYSTEM |
| Case Number | CACE 20-011616 (04) |
| Jurisdiction | FL |



7-23-2020     000394304G0001     6020200723011214

Case Number: CACE-20-011616 Division: 04
Filing # 110435041 E-Filed 07/17/2020 05:34:34 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

Case No.:

VICTORIA ANGEL,

 Plaintiff,

vs.

TARGET CORPORATION
d/b/a TARGET, a foreign corporation, and
JANE DOE, as store manager,

 Defendants.
_____/

## SUMMONS

THE STATE OF FLORIDA:
To: All and Singular Sheriffs of said State:

YOU ARE HEREBY COMMANDED to serve this summons with the Complaint or petition in this action on Defendant:

 **DEFENDANT:** **TARGET CORPORATION d/b/a TARGET**

 **BY SERVING:** **REGISTERED AGENT:**
  **C T CORPORATION SYSTEM**
  **1200 SOUTH PINE ISLAND ROAD**
  **PLANTATION, FL 33324**

Each defendant is required to serve written defenses to the complaint or petition on GLEN B. LEVINE, ESQ 300 SE 17th Street, Ft. Lauderdale, FL 33316, Plaintiff's attorney, Tel: (954) 525-0050/pleadings@anl-law.com, within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the Seal of the Court. JUL 20 2020
  As Clerk of said Court

  By: _____
   Deputy Clerk

BRENDA D. FORMAN

1
The Law Offices of Anidjar & Levine, P.A.
300 SE 17th Street, Fort Lauderdale, Florida 33316 (954) 525-0050

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 07/17/2020 05:34:29 PM.****

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

Case No.:

VICTORIA ANGEL,

    Plaintiff,

vs.

TARGET CORPORATION d/b/a TARGET, a foreign corporation, and JANE DOE, as store manager,

    Defendants.

_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, **VICTORIA ANGEL**, by and through the undersigned counsel, and hereby sues the Defendants, **TARGET CORPORATION d/b/a TARGET ("TARGET")**, a foreign corporation, and **JANE DOE**, as store manager, and in support thereof alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of thirty thousand ($30,000.00) dollars.

2. At all times material hereto, the Plaintiff, VICTORIA ANGEL, was an individual residing in Broward County, Florida and is *sui juris*.

3. At all times material hereto, the Defendant, TARGET, was a foreign corporation authorized to do and doing business in Broward County, Florida.

4. At all times material hereto, the Defendant, JANE DOE, is an individual residing in Florida.

5. Venue is proper in Broward County as the subject incident took place therein.

6. On or about February 26, 2019, the Defendant, TARGET, owned, maintained and/or controlled a TARGET retail store located at 3599 West Hillsboro Boulevard, Deerfield Beach, Florida.

7. At all times material hereto, the Defendant, JANE DOE, managed the aforedescribed TARGET.

8. On the above date and time, the Plaintiff, VICTORIA ANGEL, was a business invitee on the Defendants' property and lawfully on the premises.

9. At the aforedescribed time and place, the Plaintiff, while exercising due care and caution for her own safety, was shopping at the aforedescribed TARGET when she was caused to slip and fall due to the careless and negligent manner in which the floors were maintained. More specifically, Plaintiff slipped on a hazardous unmarked liquid substance in the vicinity of the registers.

## COUNT I:
## NEGLIGENCE CLAIM AGAINST TARGET

The Plaintiff readopts and re-alleges each and every allegation contained in Paragraphs 1 through 9, as if they were fully set forth herein and further alleges:

10. At all times material hereto, the Defendant, TARGET, by and through its agents and/or employees, owed the Plaintiff a duty of reasonable care to maintain the shopping areas in a condition reasonably safe for their intended uses and free from all conditions which would render them dangerous and unsafe for the Plaintiff, and/or present an unreasonable risk of harm to him in his lawful use of the same.

11. The Defendant, TARGET, owed the Plaintiff a duty to warn her of the aforedescribed dangerous and unsafe condition which led to Plaintiff's slip and fall.

2

12. The Defendant, TARGET, by and through its employees and/or agents, breached its duty of care to the Plaintiff, by committing one or more of the following negligent acts of commission and/or omission which proximately caused injury to the Plaintiff as hereinafter alleged more fully:

   a. The Defendant failed to properly maintain and examine the floors to make sure they were safe and free from liquid substances, transitory foreign objects and/or other debris;

   b. Had Defendant exercised reasonable care in the maintenance of the store's floors, it would have discovered the dangerous condition of a liquid substance on its floor;

   c. The Defendant failed to utilize reasonable care in the design, planning, inspection and maintenance of said premises, particularly the floors at or near the registers;

   d. The Defendant failed to warn the Plaintiff of the dangerous condition it knew or should have known existed in the store; and

   e. The aforedescribed dangerous condition was a regular, reoccurring, and ongoing condition; therefore, Defendant knew, or in the exercise of reasonable care, should have known of the aforedescribed dangerous and hazardous condition.

13. The Defendant's aforedescribed acts of negligence proximately caused the injuries sustained by the Plaintiff.

14. As a direct result of her slip and fall, the Plaintiff has been forced to incur medical bills, has suffered bodily injury resulting in severe physical pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of preexisting injuries, if any, and loss of the ability to earn wages. The injuries sustained by Plaintiff, VICTORIA ANGEL, are permanent within a reasonable degree of medical probability, and continuing in nature and Plaintiff will continue to suffer such losses in the future.

3

The Law Offices of Anidjar & Levine, P.A.
300 SE 17th Street, Fort Lauderdale, Florida 33316 (954) 525-0050

**WHEREFORE**, the Plaintiff, VICTORIA ANGEL, demands judgment against the Defendant, TARGET, for damages, costs and any other relief this Court deems appropriate. ***The Plaintiff further demands a trial by jury as to all issues so triable by right.***

## COUNT II:
## NEGLIGENCE CLAIM AGAINST JANE DOE

The Plaintiff readopts and re-alleges each and every allegation contained in Paragraphs 1 through 9, as if they were fully set forth herein and further alleges:

15. At all times material hereto, Defendant, JANE DOE, the manager of said store identified in Paragraph 6, and as such owed a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises. JANE DOE, owed a duty to the Plaintiff, and other business invitees on the premises, to exercise reasonable care to maintain the floors in such manner as to avoid injury or damages to business invitees, such as the Plaintiff, VICTORIA ANGEL, as a result of transitory foreign objects or substances on the premises.

16. Defendant, JANE DOE, negligently failed to exercise reasonable care relating to the water on the floors of the store while under his/her control in that she/he failed to take reasonable precautions to maintain said premises in a safe condition.

17. At all times hereinafter mentioned and at the time of the incident complained of Defendant, JANE DOE, personally committed a tort by negligently failing to establish a procedure for regular inspection and maintenance of the premises or alternatively by failing to follow her own established procedures for the inspection and maintenance of the of the premises, and Defendant, JANE DOE, personally and negligently created the aforesaid defective, dangerous condition which was a hazard and trap for the Plaintiff.

4

The Law Offices of Anidjar & Levine, P.A.
300 SE 17th Street, Fort Lauderdale, Florida 33316 (954) 525-0050

18. Among the duties of Defendant, JANE DOE, as the store manager, was to: a) conduct, personally or through those under her control, reasonable periodic inspections, at reasonable intervals, to discover and to remove inherently dangerous conditions, including but not limited to, dangerous substances on the floor of said premises and to clean up or remove such dangerous substances and/or objects/debris prior to business invitees being injured thereby; and b) to so arrange signs and products for sale such as not to distract the attention of persons, such as Plaintiff, VICTORIA ANGEL, while shopping on and at said premises.

19. Had such duty been performed, the dangerous condition which caused Plaintiff, VICTORIA ANGEL, to slip and fall to the floor and injure herself would have been observed in time to have been corrected.

20. But for the negligent failure of Defendant, JANE DOE, to perform such duties and responsibilities, Plaintiff, VICTORIA ANGEL, would not have slipped and injured herself/

21. The Defendant, JANE DOE, breached her duty of care to the Plaintiff, by committing one or more of the following negligent acts or commission and/or omission which proximately caused injury to the Plaintiff as hereinafter alleged more fully;

    a. The Defendant failed to properly maintain and examine the floors to make sure they were safe and free from liquid substances, transitory foreign objects and/or other debris;

    b. Had Defendant exercised reasonable care in the maintenance of the store's floors, she would have discovered the dangerous condition of a liquid substance on its floor;

    c. The Defendant failed to utilize reasonable care in the design, planning, inspection and maintenance of said premises, particularly the floors in or near the registers.

    d. The Defendant failed to warn the Plaintiff of the dangerous condition she knew or should have known existed in the store; and

5

The Law Offices of Anidjar & Levine, P.A.
300 SE 17th Street, Fort Lauderdale, Florida 33316 (954) 525-0050

  e. The aforedescribed dangerous condition was a regular, reoccurring, and ongoing condition; therefore, Defendant knew, or in the exercise of reasonable care, should have known of the aforedescribed dangerous and hazardous condition.

22. That the aforesaid acts of negligence on the part of JANE DOE were the proximate cause of the injuries sustained by the Plaintiff.

23. As a direct and proximate result of the negligence of Defendant, JANE DOE, as above alleged, Plaintiff, VICTORIA ANGEL, suffered bodily injury and resulting pain, suffering, disability, aggravation of pre-existing conditions, loss of capacity for the enjoyment of life, loss of earnings or earning ability, medical expenses and other expenses. The injuries sustained by Plaintiff, VICTORIA ANGEL, are permanent within a reasonable degree of medical probability, and continuing in nature and Plaintiff will continue to suffer such losses in the future.

**WHEREFORE**, the Plaintiff, VICTORIA ANGEL, demands judgment against the Defendant, JANE DOE, for damages, costs and any other relief this Court may deem appropriate. *The Plaintiff further demands trial by jury as to all issues so triable by right.*

In compliance with Rule 2.516 of the Florida Rules of Judicial Administration, all pleadings in this cause shall be served on the undersigned by e-mail at pleadings@anl-law.com.

DATED this 17th day of July, 2020.

**LAW OFFICES OF ANIDJAR & LEVINE, P.A.**
*Counsel for Plaintiff*
300 SE 17th Street
Fort Lauderdale, FL 33316
Tel: (954) 525-0050 / Fax: (954) 525-0020
E-service at: pleadings@anl-law.com

By: _____
GLEN B. LEVINE, ESQ.
FBN 0144355
DEVON WORKMAN, ESQ.
FBN 1004245

6