UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-62701-CIV-ALTMAN/Hunt

VICTORIA ANGEL,   17TH JUDICIAL CIRCUIT

Case No.: CACE 20-011616

Plaintiff,

vs.

TARGET CORPORATION d/b/a
TARGET, a foreign corporation and
JANE DOE, as Store Manager,

Defendants.
_____/

## PLAINTIFF'S AMENDED MOTION FOR LEAVE TO AMEND COMPLAINT BY SUBSTITUTION OF PARTIES AND MOTION FOR REMAND WITH MEMORANDUM IN SUPPORT THEREOF

Plaintiff, VICTORIA ANGEL, by and through the undersigned counsel, and pursuant to 28 U.S.C. § 1447, hereby files this *Amended Motion for Leave to Amend Complaint by Substitution of Parties and Motion for Remand with Memorandum of Law In Support Thereof*, in response to the *Notice of Removal* [DE 1] filed by the Defendant, TARGET CORPORATION ("TARGET") and in support states:

**UNDISPUTED FACTS/BACKGROUND**

1. This case arises out of a slip and fall accident on February 26, 2019, in which Plaintiff, VICTORIA ANGEL, was injured as a result of the negligence of Defendant, TARGET, and of the store manager, Defendant, JANE DOE, at the Target retail store in Deerfield Beach, Florida (the "subject accident").

2. Plaintiff filed her two-count complaint with the Circuit Court of the Seventeenth Judicial

1

    Circuit in and for Broward County, Florida on or about July 17, 2020, alleging the negligence of Target and of the store manager. [DE 1.1]

3. On January 14, 2021, Plaintiff filed its initial *Motion for Leave to Amend Complaint by Substitution of Parties and Motion for Remand with Memorandum of Law In Support Thereof.* [DE 7]

4. Between the filing of the initial Complaint and the drafting of Plaintiff' initial motion referenced above, Plaintiff learned from *Defendant's Response to Plaintiff's Interrogatories*, that Defendant, JANE DOE, is in fact Tim Smoyer, of Florida.

5. On January 14, 2021, this Court denied Plaintiff's Motion for Leave to Amend for failure to comply with S.D. Fla. L.R. 7.1(a)(3). The Plaintiff may refile her motion with a certification, explaining whether the Defendant opposes the motion. [DE 8].

6. Pursuant to this Court's order dated January 14, 2021, Counsel for Plaintiff attempted to get consent from defense counsel to amend the pleadings to name Tim Smoyer as the person identified in the Complaint as JANE DOE. Defense counsel objected to our Motion to Amend Tim Smoyer as the Defendant, Store Manager.

7. Plaintiff was prepared to file a motion to amend her pleadings to name the now identified store manager. Plaintiff was unable to file the motion based upon the removal of this action to this Court.

8. On or about December 31, 2020, Defendant, TARGET, removed this matter to the United States District Court for the Southern District of Florida asserting that diversity jurisdiction exists.

9. Plaintiff now seeks to substitute Tim Smoyer for Defendant, JANE DOE, as the true

identity of the store manager has been learned.

10. Additionally, Plaintiff moves this Court to remand this action to state court due to the lack of complete diversity of the parties.

## STANDARD OF REVIEW: MOTION TO REMAND TO STATE COURT

11. "In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal court are obligated to strictly construe the statutory grant of diversity jurisdiction …[and] to scrupulously confine their own jurisdiction to the precise limits which the statue has defined." *Morrison v. Allstate Indem. Co.,* 228 F.3D 1255, 1268 (11 Cir. 200) (citations omitted). Specifically, in order to permit the removal and deny any motion to remand, this Court must make a finding that there is (1) complete diversity and (2) that the amount in controversy exceeds $75,000.00. *Castellanoes v. Target Corp.,* 20111 U.S. Dist. LEXIS 12929 (S.D. Fla. 2011).

12. All doubts about removal must be resolved in favor of remand. *Allen v. Christenberry,* 327 F.3d 1290, 1293 (11th Cir. 2003). Federal courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed. 2d 391 (1994), which only possess power that is authorized by the Constitution and by statutes. *Id.* There is a presumption that a case lies outside this limitation and the burden of establishing the contrary rests on the party asserting jurisdiction. *Id.* A federal district court must remand to the state court any case that was removed improvidently or without the necessary jurisdiction. *Miedema v. Maytag Corporation,* 450 F.3d 1322, 1330 (11th Cir. 2006); *Lowery v. Alabama Power Company,* 483 F.3d 1184, 1207 (11th Cir. 2007). Specifically, the Southern District and the 11th Circuit have held that regarding "diversity jurisdiction" that as a general rule, this requires complete diversity meaning

3

every plaintiff must be diverse from every defendant. *Martinez v. Ethicon Endo-Surgery, Inc.,* 2011 U.S. Dist. LEXIS 30727 (S.D. Fla. 2011); *see also Palmer v. Hosp. Auth.,* 22 F.3d 1559, 1564 (11th Cir.1994). Accordingly, a removal notice should be strictly construed against removal, and all doubts should be resolved in favor of remand. *Shamrock Oil & Gas v. Sheets,* 331 U.S. 100 (1941); *Butler v. Polk,* 592 F.2d. 1293 (5th Cir. 1979); and *Paxton v. Weaver,* 553 F. 2d. 936 (5th Cir. 1977).

## ANALYSIS

13. This case should be remanded back to state court due to the Plaintiff's proposed Amended Motion to Amend Complaint for Substitution naming Tim Smoyer as the true Defendant, JANE DOE, a non-diverse Defendant. Defendant, JANE DOE, the store manager, was named in the initial Complaint and a count of negligence was brought against him. Unlike many Motions for Remand this Court undoubtedly receives, Plaintiff is not seeking to add a new, non-diverse defendant now that the case has been removed to Federal Court, but rather, substitute the correct name for the Defendant store manager who was named in the Complaint at the very onset. Defendant, TARGET, knew that the Defendant, JANE DOE, was not a *fictitious* defendant and that this case would need to be remanded to state court.

14. In Tynes v. Target Corp., No. 12-24302-CIV, 2013 WL 1192355, *1 (S.D. Fla. March 322, 2013) the plaintiff did not move to amend the complaint to substitute the "John Doe" defendant with the actual Target employee, thus leaving the Court with "little choice in disregarding Tynes 'incomplete diversity' argument". Id. In its opinion, the Court held the plaintiff should have obtained an order to amend the complaint before seeking for remand. Id. The case at bar is distinguishable because the Plaintiff is requesting the Court to allow leave to amend by substitution rather than remanding to the state court and then moving

for leave to amend as in Tynes.

15. With the presence of the genuine necessity of substituting Tim Smoyer for Defendant, JANE DOE, as described above, this case is appropriately heard by the state court. It is well settled that once a district court permits joinder of a non-diverse defendant, subject matter jurisdiction is destroyed and the case must be remanded back to state court. See Ingram v. CSX TRANSP., Inc., 146 F.3d 858, 861 (11th Cir. 1998). In Ingram, the Eleventh Circuit explained, '[i]t is axiomatic that the lack of complete diversity between the parties deprives federal courts of jurisdiction over a lawsuit." Id. at 861.

16. "When complete diversity exits, the district court has subject matter jurisdiction. 28 U.S.C. § 1332(a). However, if the plaintiff(s) and defendant(s) in a case are not 'citizens of different states,' jurisdiction cannot be based upon 28 U.S.C. § 1332(a). Furthermore, '[i]f at any time before final judgement it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.' 28 U.S.C. §1447(c) (emphasis added). As such, if an unknown part becomes known, and complete diversity is destroyed, the Court must remand the case to state court." Caywood v. Anonymous Hosp., 886 D. Supp. 2d 1001, 1004 (S.D. Ind. 2012).

**CONCLUSION**

17. The Defendant JANE DOE was known to Defendant TARGET.

18. If the Court grants the current motion for substitution, complete diversity will not exist and this court will lack jurisdiction to hear this matter.

WHEREFORE, based upon the argument presented and the authorities cited, Plaintiff, VICTORIA ANGEL, requests this Court to enter an Order granting *Plaintiff's Amended Motion for Leave to Amend Complaint by Substitution of Parties* to replace JANE DOE with Defendant TIM SMOYER and to remand this case back to the 17th Judicial Circuit in and for Broward County, Florida, for additional proceedings and resolution of the pending matter.

Respectfully, submitted,

By: _____

DEVON WORKMAN, ESQ.
FBN 1004245
LAWRENCE LEVINE, ESQ.
FBN 193185

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing electronically filed with the Clerk of the Court using CM/ECF on ___19th___ to all counsel or parties of record on the Service List below.

LAW OFFICES OF ANIDJAR & LEVINE, P.A.
*Attorney for Plaintiff*
300 SE 17th Street
Fort Lauderdale, FL 33316
Tel: (954) 525-0050 / Fax: (954) 525-0020
E-service at: pleadings@anl-law.com

By: _____
DEVON WORKMAN, ESQ.
FBN 1004245
LAWRENCE LEVINE, ESQ.
FBN 193185

## SERVICE LIST

Carlton A. Bober, Esquire & Alejandro Gutierrez, Esquire
*Attorneys for Defendant Target Corporation*
VERNIS & BOWLING OF BROWARD, P.A.
5821 Hollywood Blvd
Hollywood, FL 33021
Ph: (954) 927-5330
Fax: (954) 927-5320
Emails: CBober@Florida-law.com; AGutierrez@Florida-law.com